IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEWAYNE RICARDO WOODY #275-062 | : | |
|     Petitioner | : | |
|     v. | : | Civil Action No. PJM-06-2742 |
| JOHN P. WILT     and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : : : | |
|     Respondents | ..o0o.. | |

**MEMORANDUM OPINION**

Pending is a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Dewayne Ricardo Woody, an inmate at the Patuxent Institution. In the Petition, Woody challenges his convictions from 1998 for attempted second-degree murder and use of a handgun in the commission of a crime of violence. Counsel for Respondents, John P. Wilt, Warden of the Patuxent Institution, and J. Joseph Curran, the Attorney General of Maryland, has filed a Response and exhibits seeking dismissal of the Petition as time-barred. Petitioner has filed a Reply in opposition.

Upon review of the pleadings, the Court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. The Court finds the Petition is time-barred under 28 U.S.C. §2244(d)(1), and will dismiss it by separate Order.

**I. Procedural History**

On May 6, 1998, Woody pleaded guilty to second-degree murder and use of a handgun in the Circuit Court for Baltimore City. On June 17, 1998, the Circuit Court sentenced Woody to thirty years imprisonment for second-degree murder and a consecutive twenty years for the handgun

offense. Woody did not pursue leave to appeal to the Court of Special Appeals of Maryland. *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e); Md Rule 8-204.

Woody filed for state post-conviction relief in the Circuit Court for Baltimore City on December 30, 2004. On December 6, 2005, the Circuit Court denied the Petition. Wood filed an application for leave to appeal that decision. On May 3, 2006, the Court of Special Appeals of Maryland summarily denied the application for leave to appeal, and the mandate issued on June 15, 2006. Woody filed this 28 U.S.C. § 2254 Petition on October 16, 2006.[1]

**II. Analysis**

A one-year statute of limitations applies to § 2254 habeas petitions. *See* 28 U.S.C. § 2244(d).[2] Under the facts presented here, Petitioner's conviction became final on July 17, 1998,

---

[1] For the purposes of assessing the timeliness of the Petition, the Court deems it delivered to prison officials on the date it was signed, October 16, 2006. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (discussing applicability of prison mail-box rule).

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim

after the thirty-day period to file for leave to appeal from the June 17, 1998, judgment expired. *See* Md. Rule 8-204(a). Between July 18, 1998, and July 19, 1999, Woody did not have any properly filed petitions for state post-conviction or other collateral review pending to toll the running of the limitations period. The instant Petition was filed more than seven years after the limitations period had elapsed.

**III. Equitable Tolling**

The one-year limitation period under § 2254 is subject to equitable tolling. *See Rouse v. Lee*, 339 F. 3d 238, 246-47 (4th Cir. 2003), *cert. denied*, 541 U.S. 904 (2004); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000). Equitable tolling applies in " those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris,* 209 F. 3d at 330. These rare instances are restricted to "extraordinary circumstances" beyond a petitioner's control or external to his own conduct that prevented him from filing on time. *See Rouse*, 339 F. 3d at 236. A petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse,* 339 F.3d at 246.

In his reply, Woody argues that his conviction became final on December 6, 2005, the day the Circuit Court denied his state petition for post-conviction relief. In fact, when Woody filed for state post-conviction relief on December 30, 2004, the one-year limitations period for filing under

---

> or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

§ 2254 had already expired. To the extent Petitioner's delay in filing his federal petition can be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).  In short, Petitioner has failed to satisfy his burden to demonstrate that equitable tolling is warranted. Accordingly, the Petition will be dismissed by separate Order.

**III.  Conclusion**

For the foregoing reasons, the Court will dismiss the Petition as time-barred.  A separate Order consistent with this Memorandum Opinion follows.

DATE: 1/30/07

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE